IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND WINCHESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-844 (MN) |
| ) | |
| STATE OF DELAWARE SUPERIOR ) | |
| COURT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Raymond Winchester, Wilmington, Delaware – *Pro Se* Plaintiff

November 19, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

## I. INTRODUCTION

Plaintiff Raymond Winchester ("Plaintiff"), an inmate at Plummer Community Corrections Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has paid the filing fee. (D.I. 5). This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915A(a).[1]

## II. BACKGROUND

The Complaint's allegations are sparse. It states that on February 2, 2018, Plaintiff's federal constitutional or federal statutory rights were violated by "racism – state – forgery – illegal – sentencing." (D.I. 2 at 5). The facts are: (1) "What happened to you? in Superior Court, I was sentence[d] for all the above!!"; and (2) "Who did what? The State of Delaware Superior Court!! There Docket Proof!!"[2] (*Id*. at 5-6). For relief the Complaint states, "defense attorney shall handle." (*Id*. at 8). The Complaint was filed on June 18, 2020.[3] (D.I. 2 at 5).

---

[1] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

[2] This Court takes judicial notice that in July 2017, Plaintiff was indicted and charged with second degree assault, terroristic threatening, and disorderly conduct. On November 16, 2017, he entered a Robinson plea to second degree assault and, in exchange, the State agreed to enter a nolle prosequi on the remaining charges, to refrain from pursuing habitual offender sentencing, and to recommend no more than six years of Level V incarceration. Plaintiff agreed for his counsel to recommend no less than three years of Level V incarceration. On February 2, 2018, the Superior Court sentenced him to six years at Level V, suspended after three years for three years at Level IV, suspended, in turn, after six months at Level IV for eighteen months of Level III probation. *Winchester v. Akinbayo*, C.A. No. 18-1458 (MN), 2020 WL 3269050, at *1 (D. Del. June 17, 2020).

[3] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." Prisoner filings are deemed filed as of the date of delivery to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463

1

### III.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp*., 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

---

(D. Del. 2002); *Rivers v. Horn*, C.A. No. 00-3161, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001). Plaintiff's Complaint was signed on June 18, 2020, and the envelope it was mailed in is post-marked June 22, 2020. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing sometime between June 18, 2020 and June 22, 2020. Giving Plaintiff the benefit, this Court concludes that Plaintiff's Complaint was filed on June 18, 2020, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

This Court construes the Complaint as alleging civil rights violations under 42 U.S.C. § 1983 given that Plaintiff has named State Court judges as defendants and alleges racism occurred during his sentencing. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.

4

2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that racism occurred during his sentencing on February 2, 2018. He did not file his Complaint until June 18, 2020. Hence, it is evident from the face of the Complaint that his claims are barred by the two year limitations period having been filed four months after its expiration on February 2, 2020. Because Plaintiff's allegations are time-barred this Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## V. **CONCLUSION**

For the above reasons, this Court will: (1) dismiss the Complaint pursuant 28 U.S.C. § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.